**SOUTH DAKOTA CEMENT PLANT, Appellant**

v.

**JIMCO READY MIX COMPANY and Alvin Eugene Glaesman, Appellees.**

Civ. No. 85–1058.

United States District Court, D. South Dakota, N.D.

Feb. 10, 1986.

Roger W. Damgaard, Woods, Fuller, Shultz & Smith, Sioux Falls, S.D., Richard J. Helsper, Mickelson & Helsper, Brookings, S.D., for appellant/creditor.

J. Bruce Blake, Sioux Falls, S.D., for appellees/debtors.

DONALD J. PORTER, Chief Judge.

## MEMORANDUM OPINION

This is an appeal by the South Dakota Cement Plant (cement plant) from an order of the bankruptcy court, dated May 31, 1985, dismissing as moot the cement plant's motion for an extension of time to file a complaint objecting to discharge. 11 U.S.C. § 1141. It is undisputed[1] that appellant never received notice of the deadline for filing a § 1141 complaint, as is dictated by Bank.R.Proc. 4004(a). Because creditors are entitled to receive the notice required by rule 4004(a), this case will be reversed and remanded to the bankruptcy court with instructions to give the proper notice.

## FACTS

Appellee Jimco Ready Mix Company (Jimco) filed a voluntary Chapter 11 bankruptcy petition on August 4, 1983. Appellee Alvin E. Glaesman (Glaesman), an officer, director and shareholder of Jimco, was the subject of an involuntary Chapter 7 liquidation petition. Glaesman voluntarily converted the Chapter 7 petition to a Chapter 11 reorganization on January 11, 1985. The two cases were ordered jointly administered on May 6, 1985.

On March 25, 1985, appellant South Dakota Cement Plant (cement plant) filed a "Complaint to Determine Debt Non-dischargeable" against Glaesman. 11 U.S.C. § 523.[2] That complaint was subsequently dismissed by the bankruptcy court. The bankruptcy court's dismissal of the cement plant's § 523 complaint is not now on appeal.

A hearing was held before the bankruptcy court on May 15, 1985. Several matters were to be considered, including confirmation of the jointly administered plan of re-

organization.[3] At the conclusion of that hearing, the cement plant made an oral motion for a ten day extension of time to file objections to discharge pursuant to 11 U.S.C. § 1141. Hearing Transcript at 72. The court gave the cement plant 30 days to make whatever motions they felt were necessary to preserve their rights, if they had any, as of that date. The bankruptcy court subsequently denied the cement plant's motion for an extension as moot, reasoning that the period for filing a complaint began running with the first meeting of creditors in the original involuntary Chapter 7 case, and thus time had expired. This appeal followed.

## DISCUSSION

There is no dispute that no notice was ever given to the cement plant of any time limit on filing § 1141 objections. Bankruptcy rule 4004(a) is set in absolute terms. It provides that "[t]he court *shall* give not less than 25 days notice of the time" fixed for filing objections to discharge. *Id.* (Emphasis added.) *See also* Bank.R.Proc. 2002(f)(5).

Glaesman argues that due to the cement plant's extensive involvement in the case, it should have been on notice of the deadline, and apparently contends that the cement plant therefore was not prejudiced by the lack of formal notice. Debtors' argument must fail, however, because the Supreme Court has held that a creditor has a "right to assume" he will receive all the notices required before his substantive rights are defeated. *City of New York v. New York, New Haven and Hartford Railroad Co.,* 344 U.S. 293, 296–97, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *Reliable Electric Co. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984). It makes no difference that the time for filing the complaint may

---

**1.** "Without question, neither the clerk nor any other person directed by the court, gave notice of the time fixed for filing a complaint objecting to debtor Glaesman's discharge." Brief of Appellee, at 9 (filed October 23, 1985).

**2.** Section 523 speaks only to the non-dischargeability of a *particular debt.* Sections 727 and

1141 prevent the discharge of *any debt* owed by the debtor if the stated conditions are met.

**3.** The date set for confirmation of the plan is the last day on which to file objections to discharge under § 1141. Bank.R.Proc. 4004(a).

have already run[4] because *no* notice was given at *any time* during these proceedings. There may also be a colorable claim of denial of the cement plant's Fifth Amendment right to procedural due process, but the court's interpretation of rule 4004(a) obviates the need for ruling on any constitutional issues.[5]

## CONCLUSION

The cement plant's substantive rights cannot be barred by the bankruptcy court's failure to give notice as is required by rule 4004(a). Accordingly, this case will be remanded with directions to give the notice required by rule 4004(a) and to proceed accordingly.

---

**4.** The court makes no ruling on the effect of conversion, *see* 11 U.S.C. § 706(a), where proper notice is given.

**5.** Glaesman argues he was denied due process because he was given no prior notice of the cement plant's oral motion for an extension of time. This argument is without merit. *See* Bank.R.Proc. 9013. *See also* Bank.R.Proc. 8006.