**In re Avery Z. ELISCU, Debtor.**

**Bankruptcy No. 87 B 0236.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 5, 1988.

Leroy Inskeep of Rudnick & Wolfe, Chicago, Ill., for debtor.

Lewis S. Rosenbloom of Winston & Strawn, Chicago, Ill., for creditor, Atchison, Topeka and Santa Fe Ry. Co.

## MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Chief Judge.

This matter is before the Court on motion of the Atchison, Topeka and Santa Fe Railway Company ("ATSF") for an extension of time in which to file objections to discharge and complaints as to dischargeability of debts. The facts are not in dispute:

On January 7, 1987, Avery Eliscu filed his petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.* Hereinafter all section references are to the Bankruptcy Code). The Court set April 13, 1987 as the last day for filing adversary proceedings regarding discharge of the debtor or the dischargeability of a debt. ATSF was neither listed as a creditor nor was it provided with notice of the pendency of this case. ATSF first learned of this case on May 28, 1987, forty-five days after the expiration of the filing deadline.[1] The issues now before the Court are: (i) whether an extension of the time provided for under Bankruptcy Rules 4004 and 4007 can be legally granted to ATSF and if the answer to (i) is yes, (ii) whether ATSF should be permitted time to file such proceedings.

It is arguable that Bankruptcy Rules 4004 and 4007(c) provide authority to legally extend the time requested here. Rule 4007(c) provides that complaints to determine dischargeability of a debt under § 523(c) must be filed within 60 days following the date first set for the § 341 meeting of creditors. ATSF did not file or seek an extension to file their complaints within that time because it was unaware of the case. However, § 523(c) specifically omits from its purview those claims arising under § 523(a)(3)(B). That section excepts from the discharge those debts neither listed nor scheduled. Rule 4007(c), read in conjunction with §§ 523(c) and 523(a)(3)(B), seems to confer authority to extend time in which to file complaints in this instance. The Court points out, however, that its decision is not based on the foregoing; rather the Court bases its decision on constitutional and equitable grounds discussed *infra.*

The debtor cites cases which hold that a creditor with actual notice as opposed to no formal notice of a bankruptcy proceeding is not entitled to an extension of time in which to object to discharge when the actual knowledge was received prior to the expiration of the applicable deadlines. *See e.g. In re Butt,* 68 B.R. 1001 (Bankr.C.D.Ill. 1987). The Court also notes that the Ninth Circuit Bankruptcy Appellate Panel has recently held that actual notice of a bankruptcy proceeding is sufficient to place an unscheduled creditor on inquiry notice of the bar dates and satisfies due process requirements. *See, In re Price,* 79 B.R. 888 (9th Cir. BAP 1987), *See also Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987).

These cases are inopposite, however, because in the case *sub justice,* ATSF had no knowledge of the case until well after all filing deadlines had expired. One court has held that the time limitations contained in Rule 4007(c) are not triggered as to a particular creditor unless and until that creditor is apprised of the proceeding. *In re Schwartz & Meyers,* 64 B.R. 948 (Bankr. S.D.N.Y.1986).[2]

The fundamental tenet of an individual bankruptcy is the discharge. *In re*

---

1. ATSF was apprised of this proceeding when its in-house counsel received a status report in *In re Santa Fe Transportation Co.,* and *In re BN Transport, Inc.,* which stated that the debtor "has a pending Chapter 7 case in Chicago, Illinois." ATSF claims $2,985,953.73 is owed by the debtor arising out of his relationship with these two entities.

2. The logical inference from this assertion is that the time limitations, though passed, are triggered when the creditor learns of the case. This Court doubts that inference, as the creditor has the choice to participate or not. If the creditor elects to participate, then the deadlines will be triggered.

*Garman,* 643 F.2d 1252 (7th Cir.1980). Those provisions granting the debtor a discharge should, however, only be applied to protect those debtors who have not abused process. *In re Greenwalt,* 63 B.R. 555 (Bankr.D.Colo.1986). Another, but equally axiomatic principle inherent in the Code is the concept of notice. The Code itself has a separate section relating solely to notice. Section 342(a) states in part: "There shall be given such notice as is appropriate.... of an order for relief in a case under this title." 11 U.S.C. § 342.

■ The Supreme Court has made it clear that Fifth Amendment due process considerations take precedence over the discharge provisions of the Bankruptcy Code where the debtor has knowledge of claims and fails to inform claimants of the pendency of the proceedings. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Mullane,* the Court stated, "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* at 314, 70 S.Ct. at 657. *See also, City of New York v. New York, New Haven and Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); *Broomall Industries v. Data Design Cogil Systems,* 786 F.2d 401 (Fed.Cir.1986).

■ A creditor has the right to assume that proper, adequate, and constitutional notice will be provided before its claim is forever barred. *New York v. New York, New Haven and Hartford supra. See also, In re Standard Metals Corp.,* 48 B.R. 778 (D.Colo.1985), *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984).

■ It is against this background that the Court will grant ATSF's motion. ATSF contends, and the debtor does not dispute, that all filing deadlines had expired prior to the time that ATSF had any idea that the debtor had filed a petition for relief. The debtor would have this Court hold that once a creditor is excluded from the bankruptcy proceedings by being omitted from the debtor's schedules, such creditor should be precluded from ever being heard from for the duration of the proceeding.

To so hold would not only burden creditors with an open ended duty to check court records; but it would also encourage debtors to nurture hopes of dilatory ambush. Such a result would make a shambles of the theme of equal treatment inherent in the Bankruptcy Code and create a travesty on justice as we know it. The fact that a debtor omits a creditor from its schedule, does not divest that creditor of the right to share in the proceeds of the estate in the manner provided by the law.

For example, if a debtor's estate were to pay a substantial dividend, would a creditor, who has a right to share in that dividend, and who has a substantial claim against the estate, be deprived of sharing in the fund and be limited solely to collecting the nondischargeable debt from the debtor's post petition assets because the debtor did not schedule such creditor? I think not.

■ The Bankruptcy Court is a court of equity. *In re Exquisito Services, Inc.,* 823 F.2d 151 (5th Cir.1987). The constitutional and equitable considerations in this case cannot allow the result urged by the debtor.

Finally, the Court admonishes debtor's counsel to closely scrutinize Bankruptcy Rule 9011 and the sanctions contained therein. The rule states in pertinent part:

"The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation."

In his memoranda the debtor attempts to persuade the Court to deny the motion due to ATSF's "inexcusable neglect." This assertion is disingenuous and not well founded in law or in fact. Excusable neglect is determined by analyzing the adequacy of; (i) the notice provided, (ii) the source of the delay, and (iii) the prejudice caused by the debtor if the objection is allowed. Ginsberg, *Bankruptcy* at ¶ 11,352 (December 1986 Supplement). *See also, In re Mullins,* 55 B.R. 618 (Bankr.W.D.Va.1985). The notice in this case was not inadequate it was non-existent. While the debtor claims he might be prejudiced by allowing ATSF to file objections and/or complaints, debtor can not claim this prejudice as it arises from his own failure to include ATSF as a creditor albeit a disputed one. Prejudice, if any exists, lies with ATSF if they were not permitted an opportunity to participate and be heard.

NOW THEREFORE IT IS ORDERED, that the debtor is directed within 20 days to amend his A–3 Schedule to include the Atchison, Topeka & Santa Fe Railway Co. and such other creditors as may have possible claims against him; such amendment to be noticed to all such additional creditors (disputed or otherwise) by the debtor at the time of filing.

IT IS FURTHER ORDERED, that the movant will have no less than 30 days following the amendment of the debtor's A–3 Schedule in which to file objections and complaints as to the discharge and dischargeability of debts of the debtor or to extend the time within which to do so.

The debtor's counsel shall serve a copy of this order to all parties of record and entitled to notice under Rule 2002(f) and (*l*) in this case and in *In re Santa Fe Trail Transportation Company,* case number 85 B 08425 and *In re BN Transport, Incorporated,* case number 85 B 10719 within 5 days of its receipt.