In re Thomas Melvin KURTH, SSN: 328–50–4996, Dorlana Marie Kurth, SSN: 104–46–9359, Debtors.

**FIRST COLUMBUS COMMUNITY BANK & TRUST COMPANY, Plaintiff,**

v.

**Thomas Melvin KURTH, Defendant.**

Bankruptcy No. 89–40824–COL.
Adv. No. 89–4103–COL.

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

April 12, 1990.

Stephen G. Gunby, Lee R. Grogan, Columbus, Ga., for plaintiff.

Brace W. Luquire, Columbus, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

The matter before this court is the Debtor's Motion to Dismiss First Columbus Community Bank & Trust Company's (hereinafter "Plaintiff") complaint to determine dischargeability of debt pursuant to Bankruptcy Rule 4007(c).[1] A hearing was held on the above motion on February 7, 1990. This court, after having heard the evidence and argument of counsel, invited both parties to submit briefs on the issue of whether Bankruptcy Rule 4007(c) would bar Plaintiff's complaint on the grounds that it is untimely filed. Plaintiff's brief was filed on February 14, 1990. No brief was filed by the Debtor. This court, having considered the arguments of counsel and brief of Plaintiff, now renders this Memorandum Opinion.

The Debtors filed their Chapter 13 bankruptcy petition on July 18, 1989. A notice was mailed by the Clerk to all creditors notifying them that the first meeting of creditors[2] would be held on September 5, 1989, and that the deadline for filing dischargeability complaints was "not applicable."

On August 9, 1989, a notice to convert the Chapter 13 case to Chapter 7 was filed by the Debtors. The Clerk then sent a second notice to all creditors stating that the first meeting of creditors would be held

---

1. R.Bankr.P. 4007(c).

(c) Time for filing complaint under § 523(c) in chapter 7 liquidation and chapter 11 reorganization cases; notice of time fixed

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

2. 11 U.S.C.A. § 341(a) (West Supp.1990).

310

on October 19, 1989, and the deadline for § 523(c) complaints was December 19, 1989. In reliance upon this date, Plaintiff filed a complaint to determine dischargeability of debts on December 19, 1989.

Plaintiff argues that a § 1307 conversion can cause confusion when a creditor is determining the deadlines for filing its complaints under § 523(c) of the Bankruptcy Code. Plaintiff also argues that Bankruptcy Rule 4007(c) does not specifically address a conversion situation.

Plaintiff cites to the court the case of *Matter of Hershkovitz*, 101 B.R. 816 (Bankr.N.D.Ga.1989) as a basis for its argument that an incorrect bar date for dischargeability complaints issued by the Clerk's Office should not prevent Plaintiff from filing its dischargeability complaint after its reliance on the incorrect date. Although *Hershkovitz* did not involve a conversion situation, it did involve an incorrect bar date published by the Clerk's Office. The Plaintiff in *Hershkovitz* filed its complaint within the deadline stated in the Clerk's notice, but subsequent to the 60 days following the first date set for the first meeting of creditors.

The court in *Hershkovitz* applied its equitable powers under § 105 of the Bankruptcy Code[3] to relieve a party from Bankruptcy Rule 4007's explicit timetable. The *Hershkovitz* court stated that:

The Court will only step in under extreme circumstances with its equitable powers under § 105 to relieve a party from Rule 4007(c)'s explicit time table. However, where the clerk issues a second § 341 notice containing a new bar date prior to the expiration of the first bar date and there is no reason for a creditor to question the second notice, this Court's equitable powers will be used to prevent an injustice.

*Hershkovitz*, 101 B.R. at 819. There is also authority from the Fifth Circuit in the case of *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) to support the court in *Hershkovitz*. In *Neeley*, the clerk sent the § 341(a) notice but left the bar date blank. Plaintiff then called the Clerk's Office and was told that no date had been sent. The Plaintiff then filed his complaint past the bar date. Although the Fifth Circuit upheld the strict enforcement of Bankruptcy Rule 4007(c)'s explicit time limit, it did suggest in a footnote that this case was not one in which the clerk gave an affirmative but erroneous notice of a bar date upon which the creditor might have reasonably relied.

This court is mindful of the great weight of authority that supports the proposition of strictly construing Bankruptcy Rule 4007 and its explicit time limits. However, in this particular fact situation where the Plaintiff relied on the notice issued by the Clerk's Office, and had no knowledge that the bar date had not been extended, this court is persuaded by the reasoning in *Hershkovitz* and will apply its equitable powers pursuant to § 105 of the Bankruptcy Code to relieve Plaintiff from the consequences of Bankruptcy Rule 4007(c). Accordingly, the Debtor's Motion to Dismiss is DENIED.