**In re Larry Joseph DUNCAN, and Lois Jean Duncan, Debtors.**

**Bankruptcy No. 89–60683.**

United States Bankruptcy Court, W.D. Missouri, S.D.

March 28, 1991.

See also 116 B.R. 146.

Raymond L. Dahlberg, Kristin L. Altice, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for movants C. Gaither Spradling et al.

James R. Doran, James R. Doran P.C., Springfield, Mo., for respondent.

### MEMORANDUM AND ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE

KAREN M. SEE, Bankruptcy Judge.

Pursuant to Bankruptcy Rule 4004(b) and FRCP 60(a), movants C. Gaither Spradling, et al. filed an untimely motion for extension of time to file a complaint objecting to discharge. Debtors objected to the motion. The primary issue is whether due process requires that movants receive actual notice of the bar date for filing a complaint objecting to discharge where the movants had actual knowledge of the bankruptcy case. For the following reasons, the motion is denied.

### FACTS

On May 22, 1989, movants filed an action against debtors and other defendants in U.S. District Court in Alabama, captioned *Spradling, et al. v. Republic Leasing, Inc., et al.*, seeking compensatory damages, punitive damages, and attorney fees. Movants alleged that debtors misrepresented material facts in connection with the sale of securities of two companies debtors controlled, Republic Leasing, Inc. and R & D Distributing, Inc., and also converted funds received from movants. Movants alleged violation of Section 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934, Sections 12(1) and (2) of the Securities Act of 1933 and state Blue Sky laws, common law fraud, and conversion.

In the Alabama action, on June 26, 1989, debtors were served with summons and complaint which contained the names and addresses of attorneys for the investor plaintiffs (movants herein). Shortly thereafter, on July 14, 1989, debtors filed a Chapter 7 case, and on July 26, 1989, debtors filed in the Alabama case a "Suggestion of Bankruptcy," stating that debtors had filed bankruptcy. Two days later the Alabama court dismissed debtors as defendants because of the Suggestions of Bankruptcy.

It is not disputed that movants' attorneys received actual notice of the bankruptcy case from the Suggestion of Bankruptcy. However, debtors did not list the names and addresses of movants or their attorneys in the bankruptcy schedules. Because debtors failed to list movants, the § 341 notice of meeting of creditors, which listed the deadlines for filing claims and objecting to discharge of debts, was not sent to movants or their attorneys.

Although movants' attorneys knew of the bankruptcy in July, 1989, they took no action until the second half of October, 1989, after the deadline to object to discharge had already passed, when they retained local counsel to appear in the bankruptcy case and, among other things, determine what deadlines had been established. Movants state that a paralegal in local counsel's office contacted the bankruptcy clerk's office by telephone on November 14, 1989, and was informed that the deadline for objecting to discharge by parties in *Spradling v. Republic Leasing* was January 17, 1990, and that in December, 1989, an attorney with local counsel called the clerk's office to confirm the deadline and was again informed of the January 17, 1990 deadline. However the original October 17, 1989 deadline was extended to January 17, 1990, only for certain parties in *Spradling v. Republic Leasing* (which parties were co-defendants with debtors), who had filed a timely motion for extension. Therefore, the deadline applicable to movants for filing complaints objecting to discharge is the original deadline of October 17, 1989.

After learning that an extension was granted only to the parties in the Alabama suit who had filed a motion for extension, on January 17, 1990 movants filed a motion for extension to file an objection to discharge out of time pursuant to Bankruptcy Rule 4004 and FRCP 60(b). Debtors objected to the motion for extension.

### DUE PROCESS

▪ Movants argue that due process requires actual notice of the bar date be given, and reason that the discharge of debtors pursuant to § 727(b), as implemented by Bankruptcy Rule 4004, deprives them

of property without due process of law. Debtors argue that due process does not require actual notice of the bar date where movants had actual notice and knowledge of the filing of the bankruptcy case. Debtors reason that actual knowledge of the bankruptcy case places a creditor on inquiry notice as to all deadlines and satisfies the due process requirement of notice reasonably calculated to inform interested parties of the pendency of the bankruptcy, and to afford them an opportunity to present their objections to discharge.

The parties cite divergent lines of cases on this issue. The court chooses to follow the more persuasive line of cases which hold that due process does not require actual notice of bar dates where there was actual notice of the filing of the bankruptcy case. Bankruptcy Rule 4004 provides in pertinent part:

> (a) In a Chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... Not less than 25 days notice of the time so fixed shall be given to all creditors as provided in Rule 2002(f) and to the trustee and the trustee's attorney.

> (b) On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.* (Emphasis added.)

The requirement that notice of the deadline be sent to parties in interest does not excuse a creditor who does not receive the required notice from complying with the deadline if he has knowledge of the bankruptcy case. When a creditor is aware of the pendency of bankruptcy proceedings, imposition of a duty on the creditor to make a prompt inquiry to determine the date of the first meeting of creditors, and to calculate the bar dates, which pursuant to Rules 4004 and 4007 are 60 days after the meeting of creditors, is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases.

If a creditor had actual knowledge of the bankruptcy case, the creditor is deemed to have been on notice of deadlines which are of record in the case. *See In re Price,* 871 F.2d 97 (9th Cir.1989); *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987); *In re Alton,* 837 F.2d 457 (11th Cir.1988). All three cases construed similar wording in Bankruptcy Rule 4007 which provides the deadline for filing complaints objecting to dischargeability of debts under § 523. *Accord In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428 (9th Cir.1990); *Matter of Sam,* 894 F.2d 778 (5th Cir.1990); *Matter of Compton,* 891 F.2d 1180 (5th Cir.1990); *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428 (9th Cir.1990); *In re Hill,* 117 B.R. 663 (Bankr.N.D.Okl.1990); *In re Rockmacher,* 117 B.R. 69 (Bankr.S.D.N.Y.1990); *In re Ezell,* 116 B.R. 556, 557–58[4] (Bankr. N.D.Ohio 1990); *In re Silver,* 107 B.R. 328 (Bankr.D.N.M.1989); *In re Rider,* 89 B.R. 137 (Bankr.D.Colo.1988); *In re Ricketts,* 80 B.R. 495 (9th Cir.BAP 1987); *In re Rhodes,* 61 B.R. 626 (9th Cir.BAP 1986); *In re Tosenberger,* 67 B.R. 256 (Bankr.N.D.Ohio 1986).

*In re Price,* 871 F.2d 97 (9th Cir.1989), is on point with the facts in the present case. The creditor filed a lawsuit in state court. Debtor then filed a Chapter 7 petition which did not list the creditor in the schedules. However, debtor's counsel sent creditor's counsel a notice of injunction which stated that the bankruptcy had been filed and the lawsuit was subject to the automatic stay. This notice did not contain any deadline dates. Creditor's counsel assumed that further notices would be forthcoming from the bankruptcy court and took no action to discover any deadlines. However, since the creditor was not listed in debtor's schedules, notice of the § 341 meeting containing the deadline was not sent, and the deadline passed.

Citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), and *Matter of Gregory,* 705 F.2d 1118, 1123 (9th Cir.1983), the Ninth Circuit held that notice by debtor's counsel informing creditor's counsel of the bankruptcy petition and automatic stay gave the creditor due pro-

cess notice in time to file a complaint objecting to discharge or to file a timely motion for extension. Debtor's failure to list the creditor in the bankruptcy schedules did not relieve creditor of the obligation to take timely action to oppose discharge or file a motion for extension. The Ninth Circuit relied on *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) (clerk's failure to provide notice of bar date did not suspend running of fixed limitation period where creditor had actual notice of case), and *In re Alton*, 837 F.2d 457 (11th Cir. 1988) (creditor not entitled to extension where actual notice of case was given within sufficient time to file complaint).

Movants cite *Reliable Electric Co. v. Olson Construction Co.*, 726 F.2d 620 (10th Cir.1984); *In re Schwartz & Meyers*, 64 B.R. 948 (Bankr.S.D.N.Y.1986); *In re Riso*, 57 B.R. 789 (D.N.H.1986); *In re Eliscu*, 85 B.R. 480 (Bankr.N.D.Ill.1988); *South Dakota Cement Plant v. Jimco Ready Mix Co.*, 57 B.R. 396 (D.S.D.1986).

In *Reliable*, the creditor had knowledge of the Chapter 11 reorganization proceedings but was not listed as a creditor in the schedules. Instead, the creditor was listed as an account receivable of debtor. No formal notice of the time to file claims or of the plan confirmation was sent to the creditor. After the creditor obtained a judgment on a counterclaim in a suit brought by debtor post-petition on the account receivable, debtor filed a claim on behalf of the creditor attempting to have the claim determined to be a pre-petition debt subject to compromise and payment as a general unsecured claim under the confirmed plan, and therefore discharged. Although the court recognized that § 1141 governing the effect of confirmation allows a claim to be discharged even though the claimant did not receive notice of the confirmation hearing, it held that discharge of the claim without reasonable notice violates due process.

*Reliable* is distinguishable from the present case. It dealt with a Chapter 11 debtor's post-confirmation attempt to impose a confirmed plan on a creditor who did not have an opportunity to participate in the confirmation process. Furthermore, *Reliable's* rationale has been rejected or distinguished by courts in the Tenth Circuit. *In re Silver*, 107 B.R. 328 (Bankr.D. N.M.1989); *In re Rider*, 89 B.R. 137 (Bankr.D.Colo.1988) (effort to bar a discharge in Chapter 7 is fundamentally different than the creditor's effort to file a late claim). Although the Tenth Circuit subsequently followed *Reliable* in *In re Herd*, 840 F.2d 757 (10th Cir.1988) (allowed late filed claim in Chapter 11), the Tenth Circuit also recently distinguished statutory and substantive differences between creditors' rights under Chapters 11 and 7 in *In re Green*, 876 F.2d 854, 856–57 (10th Cir.1989), a case involving a complaint objecting to dischargeability.

[T]he statutory and substantive differences between creditor's rights under Chapters 11 and 7 cannot be gainsaid. As we indicated in *Reliable*, a Chapter 11 plan of arrangement cannot discharge the claim of a creditor who has not received "notice of the proceeding or of the confirmation hearing." *Id.* at 623. We held that the language of the pertinent statute, 11 U.S.C. § 1141(c) and (d), which would appear to allow the discharge of the debt of a creditor without actual notice, failed to meet due process muster. *Id.* In distinction, however, the pertinent statutory provision in Chapter 7, 11 U.S.C. § 523(a)(3)(A) specifically states that the debt of a creditor with *actual, timely* notice [of the case] can be discharged. Because of the basic difference in the notice provisions of the relative statutes, the rule that governs notice and dischargeability in Chapter 11 does not apply in Chapter 7.

*In re Schwartz & Meyers*, 64 B.R. 948 (Bankr.S.D.N.Y.1986), is also distinguishable from the present case. In *Schwartz*, the first notice failed to list the bar date. After the bar date automatically passed, the clerk's office amended the notice and gave creditors 60 more days to file complaints. The court held that when notice of the deadline is lacking, the 60 day period is not triggered until proper notice is given. The distinguishing fact in *Schwartz* is that the creditor relied on the clerk's erroneous

formal notice of the bar dates. *See also In re Riso*, 57 B.R. 789 (D.N.H.1986) (holding the creditor was allowed to rely on the clerk's incorrect calculation of the deadline for filing objections to discharge). However, in the present case, the movants' failure to learn of the bar date was not due to an error of the clerk's office. Rather, the lack of notice was due to debtor's failure to schedule movants and movants' failure to insure protection of their claims by making a proper inquiry into the status of the bankruptcy proceedings. Furthermore, *Schwartz* was recently criticized by *In re Rockmacher*, 117 B.R. 69 (Bankr.S.D.N.Y. 1990), which held that due process was satisfied where movant was informed of a bankruptcy case.

■ As previously noted, movants state that on two separate occasions when local counsel called the clerk's office, the clerk's office said the bar date was January 17, 1990. To the extent that movants assert their failure to file a timely complaint was caused by an error of the bankruptcy clerk as in *Schwartz*, the argument is rejected. First, the inquiries were made after the bar date had already passed. Second, rather than relying on information relating to a jurisdictional deadline obtained from the clerk's office over the telephone, counsel could have requested copies of the bar notice and orders extending the bar date, or reviewed the file in the clerk's office. Here, movants' authorized attorney and agent had actual notice of the bankruptcy within 12 days after it was filed and three months passed before they made any inquiry about the deadline to file dischargeability complaints.

*In re Eliscu*, 85 B.R. 480 (Bankr.N.D.Ill. 1988), is easily distinguishable from the case at bar in that the creditor in *Eliscu* did not even receive notice of the bankruptcy proceedings until after the bar dates had passed.

In *South Dakota Cement Plant v. Jimco Ready Mix Company*, 57 B.R. 396 (D.S. D.1986), the court based its decision on an interpretation of Bankruptcy Rule 4004(a) as requiring that 25 days notice must be sent under all circumstances. Thus, language in the opinion regarding due process was dicta in that "the court's interpretation of rule 4004(a) obviate[d] the need for ruling on any constitutional issues."

The court is not persuaded by movants' reliance on *Reliable, Schwartz, Eliscu* and *South Dakota Cement*, and instead adopts the reasoning of the majority position in the line of cases represented by *In re Price, In re Alton,* and *Neeley v. Murchison*.

■ "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In the present case, movants received actual notice of the bankruptcy proceedings 12 days after the petition was filed and 83 days before the bar date for filing complaints objecting to discharge. When movant's counsel learned of the Suggestion of Bankruptcy filed in the Alabama case, movants were given reasonable notice of the bankruptcy proceedings and had sufficient opportunity to investigate and preserve objections to discharge.

Under these circumstances, the court holds that due process does not require actual notice of the bar date where movants had actual notice of the filing of the bankruptcy case. Actual knowledge of the bankruptcy case placed movants on inquiry notice as to all deadlines and satisfies the due process requirement of notice reasonably calculated to inform interested parties of the pendency of the bankruptcy and to afford them an opportunity to present their objections to discharge.

### EQUITABLE POWER OF COURT

■ Movants argue that the court has the equitable power to grant the relief requested pursuant to 11 U.S.C. § 105 which provides in pertinent part: "The court may issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions of this title." Movants cite *Matter of Hershkovitz*, 101 B.R. 816 (Bankr.N.D.Ga.1989), which stated that only under extreme circumstances should a court pursuant to § 105 relieve a creditor from the explicit timetable of Rule 4007. *Hershkovitz* found that such extreme circumstances existed where the clerk issued a second § 341 notice giving an erroneous bar date upon which creditor relied. *Accord In re Riso*, 57 B.R. 789, 793 (D.N.H.1986); *In re Kurth*, 116 B.R. 309 (Bankr.M.D.Ga.1990).

Unlike the cases cited by movant, there is no mistake by the clerk which would justify use of any equitable powers under § 105. Furthermore, the court does not find that extreme circumstances are present where movants had knowledge of the bankruptcy proceedings in sufficient time to inquire about the status of proceedings.

The Bankruptcy Rules, authorized under 28 U.S.C. § 2075, have the force of law so long as they are not inconsistent with the Code or other statutes. Bankruptcy Rule 4004 provides that a motion for extension must be made before the deadline has expired, and that the court shall forthwith grant a discharge after the deadline has expired. Based on the clear mandate of Rule 4004 clear mandate, the court declines to resort to § 105 to circumvent the rule and grant movants' untimely motion for extension.

## EXCUSABLE NEGLECT

Movants argue that excusable neglect under FRCP 60(b) provides a basis for granting the relief requested. FRCP 60(b) is incorporated into bankruptcy proceedings by Bankruptcy Rule 9024. Movants cite *In re Rhodes*, 71 B.R. 206 (9th Cir. BAP 1987), and *In re Magouirk*, 693 F.2d 948 (9th Cir.1982), for the proposition that excusable neglect under FRCP 60(b) should, on an appropriate showing, provide a basis for granting a request to file an untimely complaint to determine dischargeability of a debt. The language in *Rhodes* about excusable neglect was merely dicta in that the court recognized the *stare deci-*

*sis* effect of *In re Rhodes*, 61 B.R. 626 (9th Cir.BAP 1986). Furthermore, *Magouirk* was decided under the predecessors of Bankruptcy Rules 4004 and 9006, former Bankruptcy Rules 404(c) and 906(b).

Under former rule 404(c), the court could for cause, on its own initiative, extend the time for filing a complaint objecting to discharge. Under former rule 606(b), the court could grant an enlargement where the failure of an applicant to act was the result of excusable neglect. In determining the existence of excusable neglect within the meaning of former rule 906(b) in failing to file a complaint objecting to dischargeability of a debt under § 523, *Magouirk* held the court should evaluate the motion under a liberal test applying the following factors: 1) whether granting the delay will prejudice the debtor, 2) the length of the delay and its impact on efficient administration, 3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, 4) whether the creditor acted in good faith, and 5) whether clients should be penalized for counsel's mistake or neglect.

For the following reasons, this court rejects the statement in *Rhodes* that *Magouirk* is still sound law. Further, the court rejects *Rhodes'* reasoning that Rule 9024 applies because neither Rule 4007(c) nor 9006(b)(3) states that Rule 9024 does not apply.

For purposes of obtaining an extension of time to file a complaint objecting to discharge under § 727 or dischargeability under § 523 after the 60 day period in Rules 4004(a) and 4007(b) have run, the standard of excusable neglect no longer applies. Bankruptcy Rule 9006(b) carries over the excusable neglect standard from former rule 906(b) to extensions of time in general only where express extensions are not otherwise prohibited or limited by specific provisions of Rule 9006. Bankruptcy Rule 9006(b)(3) specifically limits enlargements of time under Rules 4004(a) and 4007(b) to the extent and under the conditions set forth in those rules. Rules 4004 and 4007 state expressly that the motion for extension must be made before the 60

day period expires. In the absence of a timely filed motion, the court cannot enlarge the time, notwithstanding excusable neglect.

Even if the court were to accept excusable neglect as a ground to enlarge the time, there has not been a showing of excusable neglect in this case. Movants' attorney received notice of the bankruptcy filing shortly after it was filed and had almost three months to make inquiry.

### BAD FAITH FILING

Movants argue that debtors' failure to list creditors with substantial claims in their schedules was a violation of 11 U.S.C. § 521 and Bankruptcy Rule 1007 and that such conduct evidences bad faith in the filing of the Chapter 7 petition. Although movants do not further expand the bad faith filing argument, the court assumes it relates to the argument that the court should exercise equitable powers to prevent debtors from intentionally omitting movants from the list of creditors and schedules. This argument fails because there is no evidence that debtors intentionally omitted movants from the schedules in a scheme designed to prevent movants from learning of the bar dates.

### WAIVER

Movants also argue that debtors waived the right to object to movants' request for an extension based on debtors' previous failure to object to other creditors' untimely motions for extension of time. Movants specifically mention two creditors: Ozark Empire Leasing Company, Inc. and The Firestone Bank.

As to Ozark, debtors deny they waived the right to object to the untimeliness of Ozark's motions for extension, and may in fact assert untimeliness if Ozark were to file a complaint objecting to dischargeability. However, the issue of whether debtors can still object to the untimely motions is moot because Ozark's extended bar date passed without Ozark filing a complaint.

As to The Firestone Bank, an untimely extension was granted based on debtors'

agreement to the extension, made prior to the expiration of the deadline. Debtor states that no such agreements were made with other creditors.

As to the other parties in the Alabama case who filed a timely motion and gained an extension of the deadline to January 17, 1990, those parties filed an untimely dischargeability complaint on January 19, 1990. Pursuant to debtors' objection, the complaint was dismissed as untimely because it was filed two days after the deadline.

Movants cite no authority to support their proposition that debtors have waived the right to object to movants' untimely motion. Movants' argument is rejected and the court holds that debtors have not waived the right to object to movants' untimely motion for extension.

Accordingly, for the foregoing reasons, it is hereby ORDERED that the untimely motion for extension of time to file objection to discharge is denied.