**In re Linda WALKER, Debtor.**

**Bankruptcy No. 92 B 3812.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 29, 1992.

---

3. *See, e.g., In re Kearney,* 105 B.R. at 255 (providing some factual illustrations where equity may be required).

Bruce A. Karp, Schaumburg, IL, for debtor.

David D. Schwartz, Gertler & Gertler, Chicago, IL, for Firestone.

Richard M. Fogel, Hopkins & Sutter, Chicago, IL, Trustee.

## MEMORANDUM OPINION ON MOTION OF FIRESTONE INSURANCE AGENCY, INC. FOR EXTENSION OF TIME TO FILE OBJECTIONS TO DISCHARGE AND/OR DISCHARGEABILITY

JACK B. SCHMETTERER, Bankruptcy Judge.

An asserted creditor, Firestone Insurance Agency, Inc. ("Firestone"), presented its motion on September 4, 1992 (based on notice and motion served and lodged with the Clerk on August 14, 1992) to extend its time to file objections to discharge and/or dischargeability. For reasons set forth below, that motion is allowed.

The dispositive facts are not in dispute:

Walker filed this, her Chapter 7 Petition for relief, on February 19, 1992. The first date set for the meeting of creditors was March 27, 1992. Pursuant to Bankruptcy Rules 4004(a) and 4007(c), the deadline for any creditor to file an Adversary complaint objecting to discharge of debtor or to dischargeability of her debts expired May 26, 1992. Notice of the foregoing was mailed by the Clerk to all scheduled creditors on or about March 13, 1992 pursuant to Bankruptcy Rule 2002(f).

However, Debtor failed to comply with 11 U.S.C. § 521(1) and Bankruptcy Rule 1007(a)(1) which required her to list all of her creditors. Since the movant Firestone was not scheduled as a creditor, it was not sent the Clerk's notice.

Through a fortuity, the president of Firestone was informed by a detective from the Chicago Police Department, Fraud Division on May 6, 1992 about Debtor's February bankruptcy filing. Apart from learning of the bankruptcy filing, however, the creditor's president did not learn of the May 26 bar date or anything else about the bankruptcy proceeding at that time. Nothing in the record shows that Movant did learn of the May 26 bar date until several months later, when counsel was employed by it. In short, without actual notice of the bar date, Movant waited three months before employing counsel to take action.

Debtor's failure to list Firestone as a creditor is not explained in light of facts in the record. Ms. Walker had apparently filed a claim with Firestone seeking compensation for an alleged loss due to theft. *Debtor's Response to Firestone's Motion,* Ex. A. Several alleged break-ins allegedly occurred at the complex where the insured apartment was located, and the Fraud Division of the Chicago Police Department was apparently investigating the matter. This Court cannot form any opinion on the nature or validity of Firestone's possible claims against Ms. Walker. However, it is clear from the record that Ms. Walker could have reasonably ascertained that Firestone was a possible claimant to be scheduled in bankruptcy.

## DISCUSSION

The issue in this case is whether to allow an unscheduled creditor to file a complaint objecting to discharge or dischargeability after the bar date established in the Bankruptcy Rules when that creditor received actual notice of the bankruptcy case, but no actual or formal notice of the bar date for filing such claims.

Bankruptcy Rule 4004 sets bar dates for objections to discharge:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days pursuant to § 341(a)....

> On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Fed.R.Bankr.P. 4004(a) and (b). Bankruptcy Rule 4007 sets bar dates for objections to dischargeability:

> A complaint other than under § 523(c) may be filed at any time....

> A complaint to determine dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The Court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed.R.Bankr.P. 4007(b) and (c). Rule 4007 refers to 11 U.S.C. § 523(c) which provides, in relevant part,

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted

from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

The foregoing 60–day deadline and notice to be served by the Clerk on creditors must be read in tandem with 11 U.S.C. § 521(1) and Bankruptcy Rule 1007(a)(1) requiring debtors to list all creditors and file such a list with the petition for relief. If debtors fail in that duty, then no notice can be sent by the Court Clerk under Rule 4007.

In this case, the deadline for filing a motion to extend the bar date for filing complaints objecting to discharge or dischargeability was the bar date itself, May 26, 1992. Fed.R.Bankr.P. 4004(b) and 4007(c). Since this motion was lodged with the Clerk on August 14, 1992, it is objected to for failure to meet the bar date.

However, when applying the Bankruptcy Rules would deny a claimant its due process rights in violation of the Fifth Amendment of the Constitution, then the Constitution must take precedence and the Rules must be set aside or modified in their application. An elemental component of due process is the right to receive reasonable notice. As the Seventh Circuit has repeatedly observed,

> It is universally agreed that adequate notice lies at the heart of due process. Unless a person is adequately informed of the reasons for denial of a legal interest, a hearing serves no purpose—and resembles more a scene from Kafka than a constitutional process.

*Chicago Cable Communications v. Chicago Cable Commission,* 879 F.2d 1540, 1546 (7th Cir.1989), *quoting Cosby v. Ward,* 843 F.2d 967, 982 (7th Cir.1988). *See also Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988), *quoting Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965) ("Failure to give notice violates 'the rudimentary demands of due process of law' "). Therefore, it is well established that a "creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice." *New York v. New York, New Haven & Hartford R.R.,* 344 U.S. 293, 297, 73 S.Ct.

299, 301, 97 L.Ed. 333 (1953); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *In re Robintech, Inc.,* 863 F.2d 393, 396 (5th Cir.1989), *cert. denied sub nom, Bullock v. Oppenheim, Appel, Dixon & Co.,* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989).

"Reasonable notice" is defined by the Supreme Court as "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657. *See also Peralta v. Heights Medical Center,* 485 U.S. at 85, 108 S.Ct. at 899, and *Greene v. Lindsey,* 456 U.S. 444, 449–50, 102 S.Ct. 1874, 1877–78, 72 L.Ed.2d 249 (1982) (citing this passage as the accepted standard for the adequacy of notice). *Cf. Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner). This Court must look at the totality of the circumstances in determining whether notice was reasonable. *People ex rel. Hartigan v. Peters,* 871 F.2d 1336, 1340 (7th Cir.1989). One circumstance to consider in evaluating the sufficiency of notice is whether alleged inadequacies in the notice prejudiced the creditor. *Id.* Another circumstance to consider is whether notice was given to the creditor in time for it to take meaningful action in response to the impending deprivation of its rights. *Memphis Light, Gas and Water Div. v. Craft,* 436 U.S. 1, 13, 98 S.Ct. 1554, 1562, 56 L.Ed.2d 30 (1978); *Armstrong v. Manzo,* 380 U.S. at 551–52, 85 S.Ct. at 1191; *Aacen v. San Juan County Sheriff's Dept.,* 944 F.2d 691, 696–97 (10th Cir.1991); *Chicago Cable Communications,* 879 F.2d at 1545 ("Adequate notice both apprises the individual of the hearing and permits adequate preparation to present objections").

After examining the totality of the circumstances in this case, the Court concludes that Firestone clearly never received notice adequate enough to afford it an op-

portunity to proceed on a motion to extend the time for filing complaints under Bankruptcy Rules 4004(b) and 4007(c). In reaching this conclusion, the Court considered both the purpose sought to be served by the Rule requiring notice to be served on Firestone, and the circumstances surrounding its actual receipt of information about the bankruptcy filing (but not information about the bar date).

■ The purpose of due process in the setting of a bankruptcy case is to give parties notice of the bankruptcy case and proceedings therein in order to afford them an opportunity to participate in the case, and to appear and object at hearings if the need arises. As explained in *In re Reese*, 133 B.R. 245, 247 (Bankr.M.D.Fla.1991),

> ... the party in interest has a basic and fundamental right to participate in the case or proceeding in which a party has a legal, cognizable right or interest. An unscheduled creditor is clearly denied this basic and fundamental right.... The unscheduled creditor lost valuable rights because the creditor is not longer in a position to file a Complaint under § 523(c). ·An unscheduled creditor lost the right to participate in the administration of the estate. The creditor also lost the right to examine the Debtor at the meeting of creditors scheduled pursuant to § 341; the right to conduct in-depth investigation of the affairs of the Debtor; the right to challenge the Debtor's claim of exemption; and most importantly, the creditor lost the right to challenge the Debtor's right to a general bankruptcy discharge by filing a Complaint pursuant to § 727(b) of the Bankruptcy Code.

Firestone lost or stands to lose all these rights due to Debtor's act of not scheduling it as a creditor or otherwise giving Firestone· notice of her bankruptcy case. Therefore, Firestone was certainly prejudiced by a lack of adequate notice.

Furthermore, the creditor in this instance was never afforded notice (until it employed counsel) of the date when the bankruptcy was filed or the Bankruptcy Code Chapter under which Debtor was seeking relief. Firestone was never notified of when the meeting of creditors would be held, and therefore it never had notice from which one could compute the deadline set by Bankruptcy Rules 4004(a) and 4007(c) for filing complaints, let alone actual notice of the deadline date.

The only information received by this creditor was that some form of bankruptcy proceeding had been filed, and that came only twenty days before the deadline. Such information was acquired through a conversation between two non-lawyers, and the party conveying the information was not a representative of Debtor. After this conversation, the president of Firestone was left with a mere twenty days to find out that some special action in the bankruptcy court would be required, then contact and possibly hire a lawyer, investigate Firestone's rights in Debtor's bankruptcy, and finally file an Adversary Complaint or a motion to extend time prior to the bar date. It cannot be seriously contended that the draconian 60–day time limits set by Fed.R.Bank.P. 4007 (likely the shortest statute of limitations in American jurisprudence) either is or should be known by.the average businessman. Thus, the conversation between the president of Firestone and the police detective did not constitute notice adequate to apprise Firestone of an imminent threat to its rights, and did not comprise notice required under the Fifth Amendment and the Bankruptcy Code.

There are several cases in which creditors' attorneys had actual information about the bankruptcy filings, but no formal notice of the debtors' bankruptcy cases prior to the bar date for filing complaints under §§ 727 and 523(c). *See, e.g., In re Bucknum*, 951 F.2d 204 (9th Cir.1991); *In re Compton*, 891 F.2d 1180 (5th Cir.1990); *In re Price*, 871 F.2d 97 (9th Cir.1989); *In re Alton*, 837 F.2d 457 (11th Cir.1988); and *In re Duncan*, 125 B.R. 247 (Bankr. W.D.Mo.1991). All of these cases held that, because the creditors had notice of the bankruptcy proceedings and ample opportunity to file their complaints in time, the creditors were deemed to be on notice of the bar dates set by operation of Rules 4004 and 4007. *Bucknum*, 951 F.2d at 206;

*Compton,* 891 F.2d at 1185–87; *Price,* 871 F.2d at 99; *Alton,* 837 F.2d at 460–61; *Duncan,* 125 B.R. at 250.

These cases are all clearly distinguishable from the instant case for two reasons. First, in all of these cases, the creditors' attorneys—presumed experts in law—received the information. Thus, those creditors through their counsel were armed with presumed awareness of their rights and risks in bankruptcy. Second, the creditors in all these cases acquired actual notice while there was still a significant amount of time to act. *See, e.g., Bucknum,* 951 F.2d at 205 (counsel began investigating the state of debtor's bankruptcy case three months before the bar date), and *Price,* 871 F.2d at 97–98 (counsel received notice two months before the bar date via a notice concerning the automatic stay).

The instant case is more similar to *In re Eliscu,* 85 B.R. 480 (Bankr.N.D.Ill.1988), in which the creditor first learned of the debtor's bankruptcy 45 days after the bar date for filing objections to discharge and dischargeability. The court extended the time for ⁺the creditor to file complaints under §§ 727 or 523 ruling that a creditor is entitled to actual notice before it is divested of the right to share in proceeds of the debtor's estate. *Id.* at 482. To deny a creditor notice, even a disputed creditor, would deny that creditor due process required by the Fifth Amendment of the Constitution. *Id.* The court in *Eliscu* cited the Supreme Court decision of *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657, stating,

> The Supreme Court has made it clear that Fifth Amendment due process consideration take[s] precedent over the discharge provisions of the Bankruptcy Code where the debtor has knowledge of claims and fails to inform claimants of the pending of the proceeding.

*Id.* at 482.

Likewise, in *South Dakota Cement Plant v. Jimco Ready Mix Co.,* 57 B.R. 396 (D.S.D.1986), the creditor was not given notice of the debtor's bankruptcy or any event therein. Two years after the initial bankruptcy petition was filed, the creditor filed a complaint to bar discharge under 11 U.S.C. § 523(c). The court denied a motion to dismiss the creditor's complaint for untimeliness, stating that,

> a creditor has a 'right to assume' he will receive all the notices required before his substantive rights are defeated.... It makes no difference that the time for filing the complaint may have already run because no notice was given at any time during these proceedings.

*Id.* at 397–98, *citing City of New York v. New York, New Haven and Hartford R.R. Co.,* 344 U.S. at 296–97, 73 S.Ct. at 301 (other citation omitted). Firestone's untimely and accidental acquisition of bare knowledge about Debtor's bankruptcy filing was, under the circumstances, tantamount to no effective notice at all.

The debtor's unilateral decision that the creditor was not owed a debt and therefore need not be scheduled cannot be allowed to circumvent the creditor's right to notice. To allow the debtor to do so would impose an open-ended duty on the creditor to continually check court records in the court or courts where a filing might be made. *Eliscu,* 85 B.R. at 482. It would be unduly burdensome for a creditor to have to continually monitor the possibility of a bankruptcy filing.

Furthermore, it is clear from the record that Debtor knew or could have reasonably ascertained the identity and location of Firestone. Therefore, it was obliged to schedule it as a creditor so it would be served notice of the bankruptcy and the deadline for filing complaints under §§ 727 or 523. 11 U.S.C. § 521(1); Fed.R.Bankr.P. 1007(a)(1).

■ Alternatively, the Court notes that § 523(c) makes an exception for claims that are not listed in time for the claimant to file a complaint under § 523(a)(2), (4), or (6) with the clause, "Except as provided in subsection (a)(3)(B) of this section".[1] 11

---

1. Section 523(a)(3)(B) provides that a debtor is not discharged from any debt

neither listed nor scheduled under section 521(1) of this title, with the name, if known to

U.S.C. § 523(c). As the discussion above makes clear, Firestone was a reasonably ascertainable creditor that never received formal or actual notice of Debtor's bankruptcy in time to file a complaint under § 523(a)(2), (4), or (6). Thus, § 523(a)(3)(B) comes into play to remove Firestone's action from the purview of § 523(c), and since § 523(c) does not apply, the time limit imposed by Rule 4007(c) cannot be applied to Firestone. *See Eliscu*, 85 B.R. at 481 (adopting this same position as an alternative basis for its ruling). This alternative holding only applies to Firestone's ability to file a complaint under § 523.

## CONCLUSION

The creditor would be greatly prejudiced and would be divested of its rights if not allowed an extension of time. Any prejudice to Debtor in allowing the creditor an extension of time would arise from Debtor's own failure to list the creditor.

The Bankruptcy Code and Rules cannot be read to countenance a debtor's disregard of duty to schedule all creditors, and thereby give that debtor a basis to object to untimely filing under Rule 4007 after depriving selected creditors of notice.

Accordingly, the motion is allowed by separate order. The movant will be allowed sixty days to file an Adversary complaint or complaints to object to discharge and/or dischargeability under 11 U.S.C. §§ 523 and/or 727.

the debtor, of the creditor to whom such debt is owed, in time to permit—

   .     .     .     .     .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing a proof of claim and timely re-

quest for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;