**In re Debra Lee REESE, a/k/a Debra Lee Mastin, Debtor.**

**Debra Lee REESE, Plaintiff,**

**v.**

**NCNB NATIONAL BANK OF FLORIDA, Defendant.**

Bankruptcy No. 87–3145–8P7.
Adv. No. 91–18.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 9, 1991.

Joel S. Treuhaft, Tampa, Fla., for plaintiff.

Dennis J. LeVine, Tampa, Fla., for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a closed Chapter 7 liquidation case which was reopened to permit Debra Lee Reese (Debtor) to schedule NCNB National Bank of Florida (NCNB), a previously unscheduled creditor. The matters currently under consideration are Motions for Summary Judgment filed by the Debtor and NCNB in this adversary proceeding which was initiated by the Complaint filed by the Debtor seeking a determination that the debt due and owing by the Debtor to NCNB is dischargeable.

It is undisputed that there are no genuine issues of material fact in this adversary proceeding, and the matter could be resolved as a matter of law without the necessity of a trial. The facts as they appear from the record can be briefly summarized as follows.

In July, 1986, the Debtor applied for and was issued a credit card by NCNB. In June, 1990, the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code; however, the Debtor inadvertently failed to schedule NCNB as a creditor, notwithstanding the fact that the Debtor was indebted to NCNB when she filed her Petition for Relief. The Order scheduling the meeting of creditors mailed to all scheduled creditors fixed September 15, 1987 as the last day to file complaints objecting to discharge or complaints seeking a determination of dischargeability pursuant to § 523(c) of the Bankruptcy Code. The Notice of the meeting of creditors also advised creditors that the case appeared to be a no-asset case and therefore, it was unnecessary for creditors to file proof of claims at that time. On September 6, 1987, no one having objected, the Debtor was granted a discharge, and after the Trustee filed the Report of the Distribution, the case was closed.

On September 20, 1990, the Debtor filed a Motion to Reopen her case in order to amend her Schedules and schedule NCNB for the first time as an unsecured creditor. The Motion to Reopen was filed three years

after the time to file Complaints pursuant to § 523(c) expired. The motion was granted, and the Debtor amended her Schedule of Creditors to schedule NCNB as an unsecured creditor. In addition, she also filed the instant adversary proceeding seeking a determination that her debt to NCNB, which arose prior to the commencement of her Chapter 7 case, should be declared dischargeable. These are the facts based upon which the Debtor and NCNB seek a Summary Judgment in their respective favors.

It is the contention of the Debtor that by virtue of § 523(a)(3) of the Bankruptcy Code, since the time for creditors to file claims never expired because the case was noticed as a no-asset case, NCNB still may file a proof of claim. Further, she contends that the claim of NCNB is not the type which is excepted from the general discharge by virtue of § 523(a)(2), (4) or (6) of the Bankruptcy Code. Based on the foregoing, the Debtor argues that she is entitled to judgment in her favor as a matter of law and her debt to NCNB should be declared dischargeable.

In support of its position, NCNB contends that because it was not scheduled by the Debtor, NCNB did not receive notice of the Debtor's bankruptcy case and had no knowledge of the Debtor's bankruptcy case, and therefore, it was unable to participate in the case. According to NCNB, this fact, rather than the fact that the Debtor's bankruptcy case was a no-asset case, compels the conclusion that the debt owed by the Debtor to NCNB is nondischargeable and that NCNB is entitled to judgment in its favor as a matter of law.

The dischargeability of the debt owed by the Debtor to NCNB is governed by § 523(a)(3) of the Bankruptcy Code. This section of the Bankruptcy Code provides as follows:

§ 523. Exemptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Section 523(a) of the Bankruptcy Code is one of the most misunderstood exceptions to the general discharge granted to individuals in Chapter 7 cases. The difficulty and the confusion is caused by a radical change in the Code dealing with this subject from the predecessor of this Section, § 17(a)(3) of the Bankruptcy Act of 1898. Section 17(a)(3) of the Bankruptcy Act of 1898 excepted from the general discharge debts which were not "duly scheduled in time or proof of allowance with the name of the creditor, if known to the bankrupt unless such creditor had actual knowledge of the proceedings in bankruptcy."

Comparing these two Sections, it is evident that the scope of this exception to discharge has been enlarged with the addition of Subclause (B) of § 523(a)(3). At first blush, it appears that pursuant to § 523(a)(3), before a non-scheduled debt will be excepted from the overall protection of the general discharge, the unscheduled creditor has the burden to show first, that he was deprived of the right to file a timely claim and second, that the debt owed is the kind which would be excepted from discharge by virtue of § 523(a)(2), (4) or (6) of the Bankruptcy Code.

A cursory analysis of § 523(a)(3) clearly indicates that the liberal application of subclause (A) and (B) of § 523(a)(3) would pro-

duce a grossly unjust and unfair result, and most importantly, it may be used by unscrupulous debtors as a tool to keep at bay a creditor who might cause some trouble and try to hinder the otherwise smooth sailing of a debtor toward his discharge. This is so because the right to file a claim in a no-asset case is obviously nothing more than a sheer exercise in futility. Next, it is grossly unfair to place the burden on an unscheduled creditor to establish that a debt owed was the kind which would be excepted from the discharge pursuant to either § 523(a)(2), (4) or (6) of the Bankruptcy Code. If literally applied, § 523(a)(3)(B) would require an unsecured creditor to prove its claim is nondischargeable by filing a Complaint pursuant to § 523(c) of the Code which, of course, could no longer be done because the time limit to file said Complaint, fixed by Bankruptcy Rule 4007(c), long expired, and by virtue of Bankruptcy Rule 9006(b)(3), the time can no longer be extended.

In an attempt to deal with this dilemma and to try to achieve equity and justice, the Courts dealt with § 523(a)(3)(A) and (B) in several different ways. Some Courts have extended the time and authorized the unscheduled creditor to file the proof of claim. *In re Stark,* 717 F.2d 322 (7th Cir. 1983); *In re Baitcher,* 781 F.2d 1529 (11th Cir.1986). Of course, this is clearly a violation of Bankruptcy Rule 3002(c) since the authority to extend the time to file proof of claim is limited to the specific instance described in Bankruptcy Rule 3002(c)(1), (2), (3), and (4). Other Courts attempted to assist the unscheduled creditor by extending the time to file a Complaint under § 523 of the Bankruptcy Code. *In re Galvin,* 50 B.R. 583 (Bankr.D.R.I.1985); *In re Eliscu,* 85 B.R. 480 (Bankr.N.D.Ill.1988). This is equally improper as it is a plain violation of Bankruptcy Rule 4007(c), which provides that a Complaint under § 523(c) must be filed not later than sixty days from the first date set for the meeting of creditors. It is also a violation of Bankruptcy Rule 9006, which deals with reduction or enlargement of time, and prohibits an extension of time to file a Complaint under § 523(c) unless a Motion to Extend is filed prior to the expiration of sixty days following the § 341 meeting of creditors.

Finally, some Courts provide that unless the Creditor shows that the Debtor's failure to schedule the creditor was fraudulent, the Debtor's debt owed to the creditor is discharged. These Courts conclude that the creditor did not suffer any prejudice by the fact that the creditor was not scheduled. *In re Rosinski,* 759 F.2d 539 (6th Cir.1985); *In re Soult,* 894 F.2d 815 (6th Cir.1990); *In re Baitcher, supra.* However, nothing could be further from the truth. It is an elementary concept of due process that the party of interest has a basic and fundamental right to participate in the case or proceeding in which a party has a legal, cognizable right or interest. An unscheduled creditor is clearly denied this basic and fundamental right.

The unscheduled creditor was denied the right to file a claim in a no-asset case, a right which is clearly illusory. Additionally, the unscheduled creditor lost valuable rights because the creditor is no longer in a position to file a Complaint under § 523(c). An unscheduled creditor lost the right to participate in the administration of the estate. The creditor also lost the right to examine the Debtor at the meeting of creditors scheduled pursuant to § 341; the right to conduct in-depth investigation of the affairs of the Debtor; the right to challenge the Debtor's claims of exemption; and most importantly, the creditor lost the right to challenge the Debtor's right to a general bankruptcy discharge by filing a Complaint pursuant to § 727(b) of the Bankruptcy Code. An unscheduled creditor like NCNB in this instance has been effectively deprived of various rights, and to conclude that the creditor suffered no prejudice because the Debtor's case was noticed as a no-asset case is sheer sophistry.

In sum, this Court is satisfied that there is no dispute that NCNB was not scheduled in the Debtor's bankruptcy case and there is no evidence that NCNB had any notice of the pendency of this bankruptcy case. Thus, the debt owed by this debtor to NCNB must be excepted from the overall

protection of the general bankruptcy discharge pursuant to § 523(a)(3). This being the case, the Court is satisfied that NCNB is entitled to a judgement as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by NCNB be, and the same is hereby, granted and the Debtor's debt to NCNB shall be declared nondischargeable. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor be, and the same is hereby, denied. A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.