**In re James D. STONE et ux., Debtors.**
**No. 98–05631–8C7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 15, 2002.

Daniel P. Rock, New Port Richey, FL, for debtors.

Ralph J. Harpley, Tampa, FL, trustee.

*ORDER ON REMAND FROM DISTRICT COURT VACATING ORDER OF MAY 16, 2001 (DOCUMENT NO. 26) AND REOPENING CASE FOR LIMITED PURPOSE*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for consideration upon the receipt of an order of remand

entered by the district court. On May 16, 2001, the court had entered an order denying the debtors' motion to reopen the case because the motion was filed well more than two years after the closing of the case (Document No. 26). When the debtors appealed, the district court remanded the case for an evidentiary hearing on the issue of laches, the theory upon which this court relied in denying the motion.

The court is satisfied that it used an appropriate legal standard in its order denying the debtors' motion to reopen. In the absence of any opposition to the debtors' appeal of that order, however, the court believes that an evidentiary hearing on the issue of laches will be unproductive. For these reasons, therefore, the court will grant the debtors' motion to reopen.

■ Having made that decision, there appears to be some confusion on the part of the debtors as to what will happen procedurally and substantively once the case is reopened. In their motion, the debtors say they want to amend Schedule F to add omitted creditors and then give those omitted creditors additional time to seek this court's determination as to the dischargeability of their debts. This is a misstatement of the law. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure contain no provisions by which the court can extend the statutory deadlines to file discharge and dischargeability complaints when omitted creditors are added after the dates originally set. *Reese v. NCNB National Bank of Florida (In re Reese),* 133 B.R. 245, 247 (Bankr.M.D.Fla. 1991). This, of course, is one of the problems inherent in reopening a bankruptcy case when debtors fail to schedule creditors in their original filing. The omitted

creditors are disenfranchised from any meaningful participation in the administration of the bankruptcy estate. Adding the creditors at a later date does not undo that damage.

■ Thus, if what the debtors want is to discharge the debts owed to the omitted creditors, merely amending the schedules at this late date and after the discharge has been entered will have no legal effect on the issue of the dischargeability of the debts. *Keenom v. All America Marketing (In re Keenom),* 231 B.R. 116, 119 (Bankr. M.D.Ga.1999). To accomplish the desired objective in the bankruptcy court in these circumstances, the debtors must prevail in an adversary proceeding to determine the dischargeability of the debt against each omitted creditor. *Id.; Reese,* 133 B.R. at 247–48. In other words, the debtors are required to prosecute a separate adversary proceeding under Section 523(a)(3) of the Bankruptcy Code against each omitted creditor to obtain a determination that the debt of the omitted creditor is discharged. *Keenom,* 231 B.R. at 119–25 [collecting cases].

■ In this case, the debtors allege in their motion to reopen that the problem they are having with the unscheduled creditors involves judgment liens clouding the title to their homestead. The court's determination that a debt is discharged, of course, does not affect the validity of a lien securing that debt. *See In re Millsaps,* 133 B.R. 547, 550 (Bankr.M.D.Fla.1991). To avoid a judgment lien that impairs an exemption, such as homestead, the debtors are required to prosecute a contested matter against the lienholder under Section 522(f) of the Bankruptcy Code.[1]

---

1. "Although ... the lien of the judgment does not strictly fix to [homestead], Florida bankruptcy courts nevertheless permit the use of Section 522(f) to eliminate the fixing of the

practical cloud that the judgment creates on the title to the property." *In re Willoughby,* 212 B.R. 1011, 1016–17 (Bankr.M.D.Fla. 1997) (citations omitted).

In short, after the case is reopened, the debtors are required to amend Schedule F to add the omitted creditors and then take further action to obtain an individual determination as to each omitted creditor that the debt owed to the omitted creditor is discharged (if that is what the debtors' want) and to avoid any judgment lien that the omitted creditor may have obtained (if that is also what the debtors want).[2] Contrary to the thrust of the debtors' motion, merely amending the schedules accomplishes none of what the debtors apparently seek to do here.

For these reasons, the court vacates its order denying the debtors' motion to reopen (Document No. 26) and hereby grants the debtors' motion. Accordingly, the case is reopened for a period of 30 days to permit the debtors to amend their Schedule F, file any required adversary proceedings, and file any required motions to avoid liens. The case shall remain open while the court considers any relief the debtors thereby seek. If the debtors fail to file such amendments, proceedings, and motions within the 30–day period, the motion to reopen shall stand and be taken as denied without further order of the court.

---

2. If both kinds of relief are sought against the same creditor, the Section 523(a)(3) action and the Section 522(f) matter can be joined in a single adversary proceeding. *See* F.R.B.P. 7018.