**In re DIAGNOSTIC INSTRUMENT GROUP, INC. and Nelson H. Tobin, Debtors.**

**Official Committee of Unsecured Creditors by and Through Michael C. Markham, Committee Designee Under the Confirmed Plan, Plaintiff,**

v.

**Hilary Jon Lerner, et al., Defendants.**

**Bankruptcy Nos. 01–273–8W1, 01–274–8W1.**
**Adversary No. 01–591.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 12, 2002.

Carrie Beth Baris, Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Defendant.

Michael C. Markham, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Plaintiff.

Stephen R. Leslie, Harley E. Riedel, II, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for Debtors.

*Memorandum Decision and Order Denying Motion for Reconsideration of Memorandum Decision and Order on Cross–Motions for Summary Judgment with Respect to Count I of the Complaint (Hilary Jon Lerner)*

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

This proceeding came on for consideration on the Motion for Reconsideration (Doc. No. 199) ("Motion for Reconsideration") filed by the defendant, Hilary Jon Lerner ("Dr. Lerner"), seeking reconsideration of this Court's Memorandum Decision and Order on Cross–Motions for Summary Judgment with Respect to Count I of the Complaint entered on April 19, 2002 (Doc. No. 195)("Memorandum Decision").

In the Memorandum Decision, the Court granted the motion for summary judgment filed by the plaintiff, Official Committee of Unsecured Creditors ("Committee"), and denied the motion for summary judgment filed by Dr. Lerner, concluding that payments totaling $175,000 made by the debtor, Diagnostic Instrument Group, Inc. ("Diagnostic"), to Dr. Lerner in the three-week period preceding Diagnostic's chapter 11 filing were preferences and rejecting Dr. Lerner's defense that the pay-

ments were made in the ordinary course of business.

*Procedural Background*

The factual underpinnings to this preference action are detailed in the Court's Memorandum Decision, *In re Diagnostic Instrument Group, Inc.,* 276 B.R. 302 (Bankr.M.D.Fla.2002).[1]

By way of brief overview of the procedural background of this proceeding, on June 11, 2001, this Court confirmed the plan of reorganization proposed by Diagnostic, which provided for the prosecution of avoidance actions for the benefit of the unsecured creditors by the Committee. On August 15, 2001, the Committee commenced this action. The Court heard cross-motions for summary judgment by the Committee and Dr. Lerner on April 4, 2002, and rendered its Memorandum Decision on April 19, 2002.

█ This Motion for Reconsideration was filed on April 29, 2002, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, which makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy cases. Under Rule 60, as interpreted by the Eleventh Circuit, *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 839 (11th Cir.1982)(citing *Meadows v. Cohen,* 409 F.2d 750, 752 n. 4 (5th Cir.1969)), a court may correct a substantive mistake in a decision under sub-paragraph (b)(1) of Rule 60. That provision provides that a court may relieve a party from an unfavorable judgment due to "mistake." In the Motion for Reconsideration, Dr. Lerner argues that this Court made a mistake in granting summary judgment on the basis that genuine issues of material

---

**1.** For the sake of brevity, the Court's reference to facts in this decision will be in reliance on its Memorandum Decision and cites to the record therein. References to capital-

ized terms as used herein have the same meanings as set forth in the Memorandum Decision unless otherwise indicated.

fact exist with respect to Dr. Lerner's ordinary course of business defense under section 547(c)(2). For the reasons set forth below, the Court concludes that no mistake was made as to the existence of genuine material facts that would preclude summary judgment in favor of the Committee. Accordingly, the Motion for Reconsideration is denied.

### Conclusions of Law

In considering the Motion for Reconsideration, it is appropriate to initially discuss the parties' respective burdens on a motion for summary judgment brought in the context of a preference action in which the defendant's liability *vel non* is dependent on the whether the payments were made in the ordinary course of business.

### I. *Summary Judgment Standards.*

#### A. *Rule 56.*

Rule 56 of the Federal Rules of Civil Procedure, as made applicable to bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, requires the court to enter judgment for the moving party if the matters of record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In this proceeding, both parties moved for summary judgment.

Because the Court has determined that it is appropriate to grant the Committee's motion for summary judgment and deny Dr. Lerner's motion for summary judgment, then for purposes of the discussion that follows, the Court will treat the plaintiff, Committee, as having the burden of a "moving party" and the defendant, Dr. Lerner, as having the burden of a "nonmoving party" as those terms are used in the various decisions construing Rule 56. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 323–327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

#### B. *The Burdens of Proof in a Preference Action.*

As an initial matter, because the Committee's motion for summary judgment arises in the context of a preference action, it is important to consider the parties' respective burdens of proof in this adversary proceeding. Under section 547(g) of the Bankruptcy Code, the Committee (standing in the shoes of a trustee under the terms of the confirmed plan in Diagnostic's chapter 11 case) has the burden of proving the avoidability of the transfer to Dr. Lerner under section 547(b). That is, the Committee must prove each and every element set forth in section 547(b) by the greater weight of the evidence. Once the Committee satisfies this burden, then Dr. Lerner, as the party against whom recovery is sought, has the burden of proving by the greater weight of the evidence each and every element of the defense he has raised under section 547(c)(2)—that the transfer was made in the ordinary course of business. 11 U.S.C. § 547(g).

In this proceeding, the parties are in agreement that all of the elements of the Committee's case under section 547(b) are present. Thus, unless Dr. Lerner prevails on his ordinary course of business defense, the Committee is entitled to a judgment in its favor for the full amount of the $175,000 transferred by Diagnostic to Dr. Lerner in the days preceding the filing of its chapter 11 case.

#### C. *The Burdens on a Motion for Summary Judgment.*

The ultimate substantive burdens of proof in the underlying preference ac-

tion are to be distinguished from the respective parties' burdens on the motion for summary judgment. On a motion for summary judgment, the moving party bears the initial burden to show that there are no genuine issues of material fact with respect to both its case and with respect to the defenses raised by the non-moving party. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991) (*"Clark"*). Where, as here, there are different burdens at trial, however, the court must evaluate "the evidence presented through the prism of the substantive evidentiary burden" at trial. *Anderson*, 477 U.S. at 254, 106 S.Ct. 2505. With respect to issues upon which the non-moving party has the ultimate burden at trial, the movant need only demonstrate to the court that the record lacks substantial evidence to sustain a necessary element of a defense on which the non-moving party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–326, 106 S.Ct. 2548; *First Nat'l Life Ins. v. California Pac. Life*, 876 F.2d 877, 881 (11th Cir.1989).

▆▆▆▆ Once the moving party has met that burden, the burden shifts to the non-moving party to demonstrate that there is a material issue of fact that precludes summary judgment. *Clark*, 929 F.2d at 608. In this respect, the non-moving party must then articulate for the court those specific facts that establish an issue for trial. *Moore's Federal Practice 3d*, § 56.13[3] at 56–151 (2001) (*"Moore's"*). The court will determine if there is a triable issue of fact in light of the "actual quantum and quality of proof" the non-moving party must meet at trial. *Anderson*, 477 U.S. at 254, 106 S.Ct. 2505. In addition to establishing that there are genuine issues of fact necessitating a trial, the non-moving party must be able to articulate a viable legal theory should it prevail on the facts at trial.

*Moore's* §§ 56.11[8] at 56–131; 56.13[4] at 56–153.

### D. *Purposes and Operation of the Summary Judgment Rule.*

▆▆▆▆ "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported ... defenses." *Celotex*, 477 U.S. at 323–324, 106 S.Ct. 2548. In fact, summary judgment is not viewed as a "disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (citing to Fed.R.Civ.P. 1).

▆▆▆▆ The operation of the summary judgment rule can best be understood by comparing it to a motion for judgment as a matter of law (formerly known as a motion for a directed verdict). Fed.R.Civ.P. 50(a). That is, summary judgment has been held to mirror the procedure for obtaining a judgment as a matter of law under Rule 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. Under Rule 50(a), a trial court must direct a verdict if under the governing law there can be but one reasonable conclusion as to the verdict. *Id.* (citing *Brady v. Southern R. Co.*, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943)). Under this standard, the issue is not whether there is evidence to sustain the claim or defense. Rather, the issue is whether there is sufficient evidence upon which the trier of fact "could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Id.* (citing *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1871)).

▆▆▆▆ While summary judgment is considered identical in its operation to motions for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, *Anderson*, 477 U.S. at

250–52, 106 S.Ct. 2505, in application, a court faced with a summary judgment motion must also resolve credibility issues in favor of the non-moving party. *Id.* at 255, 106 S.Ct. 2505 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). In addition, on a motion for summary judgment, all justifiable inferences are to be drawn in the favor of the non-moving party. *Id.*

 Once the non-moving party is given the benefit of the doubt on all credibility issues and the benefit of any inferences that reasonably might be inferred from the evidence, if the facts and law still do not present "sufficient disagreement" to require a trial, but rather are "so one-sided that one party must prevail as a matter of law," summary judgment must be granted in favor of the moving party. *Anderson,* 477 U.S. at 251–252, 106 S.Ct. 2505. Accordingly, if it is clear from the record that Dr. Lerner cannot prove the elements to establish his defense, then requiring a trial under such circumstances would be "a waste of time and resources." *Clark,* 929 F.2d at 608.

## II. *The Grounds for Dr. Lerner's Motion for Reconsideration.*

In the Motion for Reconsideration, Dr. Lerner points to three factual areas in which he contends that there are material disputes. The Court will consider these factual areas in the context of the three elements of Dr. Lerner's ordinary course of business defense. Importantly, Dr. Lerner has the ultimate burden of proof as to each of these three elements of his defense. If the record does not support even one of these elements, then summary judgment for the Committee is proper. The Court will consider the alleged factual disputes in the context of the Court's conclusions in the Memorandum Decision with respect to these elements of Dr. Lerner's defense.

A. *First Element: The Debt Must be Incurred by Diagnostic in the Ordinary Course of Its Business or the Ordinary Course of Dr. Lerner's Business.*

 This element requires that the debt be incurred in the ordinary course of both Diagnostic's and Dr. Lerner's respective businesses. Dr. Lerner, in the Motion for Reconsideration, argues that there is a factual dispute concerning several of the Court's factual conclusions relevant to this element. Specifically, Dr. Lerner argues that there are genuine issues concerning the following conclusions: (1) the Debtor only entered into this transaction after it had no further availability on its line of credit, (2) the Loan was in violation of the terms of the Debtor's line of credit, and (3) the terms of the Loan were usurious. Even accepting Dr. Lerner's arguments in this regard, these facts are only cumulative support for the Committee's case supporting its Motion for Summary Judgment.

Notably, Dr. Lerner takes no issue in the Motion for Reconsideration with this Court's conclusion that there is no factual dispute that most of Diagnostic's debt was in the form of ordinary trade payables. In fact, none of its other debt originated as a loan from a customer. He also takes no issue with the finding that this was the largest cash advance ever made to Diagnostic by an individual. Nor does he dispute that all other advances from individuals have been in the form of investments, rather than loans. Tobin Dep. at 25–26.

Dr. Lerner also does not dispute the fact that he did not make the Loan in the ordinary course of his business. He is an ophthalmologist—not a lender. Further, he takes no issue with the fact that he has never been involved in a similar transaction. Lerner Dep. at 7. Finally, he does

not dispute that he has never even been a payee under a promissory note or loaned anyone any money. Lerner Dep. at 13, 29.

Accordingly, even assuming *arguendo* that the Court were to conclude at trial that: (1) the Loan was made at a time when Diagnostic had availability on its line of credit, (2) that it did not violate the terms of Diagnostic's line of credit, and (3) that it was a non-usurious loan, these factors would do nothing to change the Court's conclusion as to this element of Dr. Lerner's defense. It is not the existence of *any* alleged factual dispute between the parties that requires denial of a motion for summary judgment. The disputed fact must be *material. Anderson,* 477 U.S. at 247, 106 S.Ct. 2505.

In this case, these facts are not material in the sense that their presence or absence is not dispositive of the issues. Rather, their presence would simply be cumulative evidence as to why the Loan was not in the ordinary course of either party's business. In light of the substantial, competent and uncontroverted other facts supporting such a finding, their absence does not change the result. Dr. Lerner's Loan was not made in the ordinary course of business of either Diagnostic or Dr. Lerner.

B. *Second Element: The Payments Must be Made in the Ordinary Course of Business of Either Diagnostic or Dr. Lerner.*

 The second element of Dr. Lerner's defense on which he carries the burden of proof requires that the payments made to him be in the ordinary course of his business and the ordinary course of Diagnostic's business. The basis for the Court's conclusion in the Memorandum Decision that summary judgment is appropriate with respect to this element are the following undisputed facts (that were supported by the Committee with substantial, competent and uncontroverted evidence):

It is clear that the principal of the Debtor, Nelson Tobin, was causing the Debtor to make payments to his "long-time personal friend,"—Tobin Dep. at 9–10, Lerner Dep. at 18–19—Dr. Lerner, with whatever excess cash was available to pay off Dr. Lerner's Loan (a loan which Tobin had guaranteed) in the days preceding the bank's call of Diagnostic's line of credit and the chapter 11 filing. Tobin Dep. at 24. Furthermore, there is no dispute that other creditors were not being treated similarly during this period of time. *Id.*

It is equally clear from the substantial, competent and uncontroverted evidence in the record that the Payments were not in the ordinary course of Dr. Lerner's business or financial affairs. Lending money was not his business. Lerner Dep. at 7. He had no experience in making similar loans. Lerner Dep. at 7, 13, 29. It follows that he had never received similar payments on such a loan.

Again, with respect to this element of Dr. Lerner's defense, even assuming *arguendo* that the loan was not usurious, there is still no evidence in the record to support Dr. Lerner's position that the Payments he received immediately before the chapter 11 filing were made by Diagnostic in the ordinary course of its business and received by him in the ordinary course of his business.

C. *Third Element: The Payments Must be Made According to Ordinary Business Terms.*

 As discussed in the Memorandum Decision, the statutory language of the third element of Dr. Lerner's ordinary course of business defense requires bankruptcy courts to look to industry standards in classifying a disputed transfer. *In re A.W. Associates, Inc.,* 136 F.3d 1439, 1442 (11th Cir.1998). That is, a court must refer to the "range of terms that encom-

passes the practices in which firms similar in some general way to the creditor in question engage." *A.W. Associates*, 136 F.3d at 1443.

█ There is simply no evidence in the record to support Dr. Lerner's contention that the payments he received were made according to terms consistent with industry standards. While the Memorandum Decision did reference the usurious nature of the transaction in the context of discussing this issue, the presence or absence of usurious terms is not outcome determinative in light of the complete lack of any industry-related evidence to support Dr. Lerner's showing under this element of his defense.

### Conclusion

As discussed in the Memorandum Decision, this adversary proceeding involves an extraordinary transaction between Diagnostic and one of its long-time customers who made a loan outside of the ordinary course of either of the parties' previous dealings. Payments were made by Diagnostic to Dr. Lerner in the days preceding the bankruptcy filing using all available cash at a time when Diagnostic was not making any similar payments to its ordinary trade creditors.

Neither the Loan nor the Payments were made in the ordinary course of business of either Diagnostic or Dr. Lerner. Moreover, the nature of the transaction between Diagnostic and Dr. Lerner was extraordinary under the circumstances and not according to ordinary business terms in *any* relevant industry. Even disregarding the evidence considered by the Court in arriving at its decision concerning which Dr. Lerner contends there are genuine issues of fact, the record still overwhelmingly supports granting the Committee's Motion.

Under the standards for summary judgment as discussed above, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The requirement is that there be no "*genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247, 106 S.Ct. 2505 (emphasis in original). In addition to establishing that there are genuine issues of fact necessitating a trial, the non-moving party must be able to articulate a viable legal theory should it prevail on the facts at trial. Moore's §§ 56.11[8] at 56–131, 56.13[4] at 56–153.

In this case, Dr. Lerner has not satisfied either of these requirements. Simply put, based on the entire record, there is no way that this Court as the trier of fact could find for Dr. Lerner on his ordinary course of business defense. The facts of this case simply do not present "sufficient disagreement" to require a trial. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Rather, the evidence is so "one-sided" that summary judgment must be granted in favor of the Committee as the moving party on its motion. *Id.*

Accordingly, for these reasons, it is

ORDERED that the Motion for Reconsideration is denied.