**In re David RICHIE, Debtor.**

**Bruce Loud and Sharron Loud, Plaintiffs,**

v.

**David Richie, Defendant.**

**Bankruptcy No. 99–15035–8G7. Adversary No. 06–00452.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 30, 2007.

See also 2007 WL 4644663.

Larry M. Foyle, Kass Shuler Solomon Spector Foyle et al., Tampa, FL, for Plaintiffs.

David Richie, Sun City Center, FL, pro se.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS ADVERSARY PROCEEDING** came before the Court for hearing to consider the Defendant's Motion for Summary Judgment on Complaint to Determine Dischargeability under Section 523(a)(3).

The plaintiffs, Bruce and Sharron Loud, commenced this proceeding by filing their Complaint to Determine Dischargeability Under Section 523(a)(3) against David Richie, the debtor in this case. (The Louds are referred to herein as the "Plaintiffs" and Mr. Richie is referred to herein as the "Debtor" or the "Defendant.") The Debtor, appearing *pro se*, filed his Answer to the complaint and subsequently filed his Motion for Summary Judgment with Affidavit, Brief and Exhibits included in support thereof. The Plaintiffs filed Affidavits in Opposition to the Defendant's Motion for Summary Judgment with the Court.

### Background

The Debtor filed a Chapter 7 bankruptcy petition on September 16, 1999, in Tampa, Florida. He did not list the Plaintiffs as creditors in his schedules. On October 22, 1999 the Chapter 7 Trustee filed a Report of No Distribution indicating that there was no property available for distribution in the bankruptcy case for creditors. No notice setting a bar date for filing proofs of claim was sent to creditors in this "no asset" case. On December 17, 1999, the Court entered the Discharge of Debtor and the case was closed on December 22, 1999.

In 1996, the Plaintiffs sued the Debtor in Wayne County Circuit Court, State of Michigan, in connection with the sale of Debtor's former residence to them; this case was subsequently dismissed. The Plaintiffs refiled their case against the Debtor, in addition to other parties, on July 29, 1999. In a five count complaint, the Plaintiffs alleged material false representations, as well as other allegations, on the part of the Debtor in connection with the sale of his former residence to the Plaintiffs. The Debtor contends that he had no knowledge of this re-filed civil case when he filed his bankruptcy petition, and the Plaintiffs allege that they had no notice of the Debtor's bankruptcy case. A default judgment was entered by the Wayne County, Michigan Circuit Court against the Debtor on January 12, 2001, in the

amount of $47,487.00, together with interest at the rate of 7.00% per annum.

On February 8, 2003, an order was entered by this Court granting the Debtor's motion to reopen his Chapter 7 case for the purpose of filing an amendment. On February 17, 2003, the Debtor filed an Amendment to Schedule F, listing the Plaintiffs as creditors. The case was then closed. An order was entered on July 19, 2006, granting the Plaintiffs' motion to reopen the case and to allow the Plaintiffs to file a dischargeability complaint pursuant to 11 U.S.C. § 523(a), which is the subject of this proceeding.

## Motions for Summary Judgment

*Defendant's Motion for Summary Judgment*

In his Motion for Summary Judgment, the Debtor (the Defendant in this adversary proceeding) is seeking the determination of the Court that, with regard to the complaint, there is no genuine issue as to any material fact set forth in the complaint that could result in a judgment against him, and therefore the Debtor is entitled to judgment as a matter of law.

■■■■■ Bankruptcy Rule 7056 is applicable to this determination:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As the party moving for summary judgment, the movant has the burden of demonstrating that there is no genuine issue as to any material fact. If there is a genuine dispute over a material fact, summary judgment may not be granted. As the Court makes this determination, the non-moving party is to be given the benefit of the doubt on all credibility issues and the benefit of any inferences that reasonably might be inferred from the evidence. *In re Diagnostic Instrument Group, Inc.*, 283 B.R. 87, 94 (Bankr.M.D.Fla.2002), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)

As the basis for their complaint, the Plaintiffs seek to have the debt evidenced by the Final Judgment that they have previously obtained against the Debtor determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(3). In his Motion for Summary Judgment, the Debtor seeks to have the Court determine that as a matter of law the Plaintiffs do not have a debt that may be excepted from discharge pursuant to § 523(a)(3). Section 523(a)(3) reads as follows:

**11 USC § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection timely filing of a proof of claim and timely request for a determination of dischargeability of such debtor under one of such paragraphs, unless such creditor had notice or ac-

tual knowledge of the case in time for such timely filing and request;

. . .

■ This section does not create an automatic exception to discharge when a Chapter 7 debtor fails to schedule a creditor. In this instance, the Debtor had a "no asset" bankruptcy case. Notices were not sent out regarding the timely filing of a proof of claim. Therefore, § 523(a)(3)(A) is not a basis for excepting the debt owed the Plaintiffs from discharge. With regard to § 523(a)(3)(B), the unscheduled creditor must be without timely notice or knowledge of the bankruptcy case and the creditor must have a claim "of a kind specified" in § 523(a)(2), (4) or (6). Also, in the Eleventh Circuit, an unscheduled debt may be excepted from discharge if the debtor in a case failed to schedule a debt out of "fraud or intentional design." *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529, 1534 (11th Cir.1986).

■ However, in this case, there are genuine issues of material facts that remain to be determined, including, without limitation, the intent to commit fraudulent conduct required by § 523(a)(2), as has been alleged by the Plaintiffs and denied by the Debtor. *See Avis Rent A Car Systems, Inc. v. Maxwell (In re Maxwell)*, 334 B.R. 736, 741–2 (Bankr.M.D.Fla.2005) for the elements of common law fraud required to prevail in a Section 523(a)(2) action. It is not appropriate for the Court to determine the dischargeability of the Plaintiffs' debt pursuant to the Debtor's Motion for Summary Judgment.

*Plaintiffs' Ore Tenus or Sua Sponte Motions for Summary Judgment*

■ At the hearing on the Defendant's Motion for Summary Judgment, Plaintiffs' counsel moved *ore tenus* for summary judgment. (Transcript, Page 19, Line 20 to Page 20, Line 1.) In *In re Ables*, 302 B.R. 917, 920–21 (Bankr.M.D.Fla. 2003), Judge Williamson clearly sets forth the Eleventh Circuit's position on *ore tenus* and *sua sponte* motions for summary judgment:

In considering this request, the Court also notes that the grant of an *ore tenus* motion for summary judgment should not be taken lightly, even though the courts "possess the power to award summary judgment in favor of a nonmovant." *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417–18 (11th Cir.1997). This is similarly true when a court decides to sua sponte grant summary judgment. *Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201–02 (11th Cir.2003). In both instances, the Eleventh Circuit has cautioned that the notice provision under Rule 56(c) "retain their mandatory character even when the . . . court contemplates awarding summary judgment sua sponte against a party that itself had moved for summary judgment." *Massey*, 116 F.3d at 1417. *See also National Fire Ins. v. Bartolazo*, 27 F.3d 518 (11th Cir.1994).

However, the grant of a *sua sponte* motion for summary judgment is permissible even where there is no formal notice under certain circumstances. Such grant is appropriate when: (1) purely legal issues are involved; (2) the evidentiary record is complete; and (3) the parties have been given the opportunity to respond to such a motion. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir.1999); *Artistic Entertainment*, 331 F.3d at 1201–02.

■ Clearly, at this stage of this adversary proceeding, it is not appropriate for the Court to grant an *ore tenus* motion for summary judgment on behalf of the Plaintiffs or to *sua sponte* grant summary judgment for the Plaintiffs. None of the

circumstances noted above exist in this proceeding; instead: (1) material factual issues, not just legal issues, are involved; (2) the evidentiary record is incomplete; and (3) the pro se Debtor, in this instance, must be given the opportunity to respond to such a motion.

The Plaintiffs assert that they must present only a "colorable" or a "viable" § 523(a)(2), (4) or (6) claim to suffice for § 523(a)(3)(B) action. *See In re Johnson,* 208 B.R. 746, 750 (Bankr.S.D.Ga.1996). Other cases hold that the creditor is required to prove that it would have prevailed on a timely filed action pursuant to § 523(a)(2), (4) or (6) when an action is brought pursuant to § 523(a)(3)(B). *See Jones v. Warren Construction (In re Jones),* 296 B.R. 447, 450–51 (Bankr. M.D.Tenn.2003) and *First National Insurance Co. of America v. Bartomeli (In re Bartomeli),* 303 B.R. 254, 269–70 (Bankr. D.Conn.2004).

 This Court addressed the issue in *In re Cameron,* 305 B.R. 94, 97 (Bankr. M.D.Fla.2003):

> Few cases discuss this difference. The Court concludes that § 523(a)(3)(B) preserves for certain omitted creditors the right to litigate the dischargeability of a debt under § 523(a)(2), (4) [or] (6) ..., after the expiration of the period within which scheduled creditors must file complaints. Additionally, § 523(a)(3)(B) expands for certain omitted creditors the rights provided under § 523(c) to scheduled creditors, because it allows such litigation to be brought in forums other than the Bankruptcy Courts, [footnote omitted]. However, § 523(a)(3)(B) does not reduce the burden of proof required to establish that a debt is of a kind that would be excepted from discharge under § 523(a)(2), (4) [or] (6) ... [footnote omitted].

The reasons for reaching this conclusion are enumerated. *See Cameron* at 97–98.

In a previous decision by this Court, *Eisinger v. Zito (In re Eisinger),* 304 B.R. 492 (Bankr.M.D.Fla.2003), the debt to the defendants was held nondischargeable pursuant to § 523(a)(3)(B) when all elements of a § 523(a)(2)(A) action were found to be present in that instance.

### Conclusion

The movant must establish the lack of any genuine material triable issue of fact. In determining whether the movant has accomplished this task, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *In re O.P.M. Leasing Services, Inc.,* 28 B.R. 740, 746–7 (Bankr.S.D.N.Y. 1983), In this adversary proceeding there are substantial issues of material facts. It is not appropriate for this Court to grant the motion for summary judgment filed by the Debtor.

Accordingly:

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment is denied.